RAFAEL PABÓN SALAZAR, Plaintiff and Appellant, *v.* LIBORIO AYALA, Defendant and Appellee.

No. 10238. Argued December 1, 1950.—Decided December 5, 1950.

*Enrique Báez García* for appellant. *José Sabater* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

In this action for a declaratory judgment, the District Court of Mayagüez, after holding trial, entered judgment declaring:

"First: That the plaintiff has no right whatsoever either of ownership or possessory upon the road in question nor upon any other part of defendant's property described in the complaint;

"Second: That the plaintiff has no right of way or servitude whatsoever in his favor or in favor of his property described in the complaint, legal or contractual, upon the aforesaid property of the defendant or upon or in connection with the road in question;

"Third: That the plaintiff and the former owner of his property have been using said road through the mere tolerance of the defendant, by virtue of a revocable license granted by the latter; said defendant being able at any moment to revoke said license and to stop the plaintiff from using or availing himself of the aforesaid road in any way whatsoever."

Feeling aggrieved by this judgment, the plaintiff appealed and as an only assignment of error alleges that the lower court erred in dismissing the complaint.

Even though this assignment, because of its generic terms, does not comply with Rule 11a of the Rules of the Supreme Court, the appellant, in arguing same, accepts as correct the conclusion of the lower court to the effect that he is not entitled to claim the establishment of a servitude upon the property of the defendant. He further argues that he is not trying either to establish a servitude of right of way due to necessity, under § 500 of the Civil Code, nor is this an action to decide the possession or quasi possession or the right to the use or enjoyment of a property of public use devoted or dedicated to a road, under § 256 of the Civil Code. However, he avers that his contention is that since the appellee had promised the appellant to let him pass through his property and since the appellant had acquired his, relying upon that promise, the appellee cannot now stand against his own acts and deprive the appellant from the right to use the road existing

in appellee's property. In other words, the appellant contends that the lower court erred in not applying to the facts in this case the doctrine of "promissory estoppel,"[1] inasmuch as the appellant purchased the property relying upon appellee's promise that he would let him use the road in the latter's property in order to go out to the highway.

We do not have to decide, as was not done by the lower court, whether the doctrine of "promissory estoppel" must prevail, under some circumstances, over the provisions of our Civil Code with regard to the manner of establishing a servitude of right of way, since as a matter of fact the lower court did not believe appellant's evidence to the effect that he acquired his property because the appellee had promised him to let him pass over his property. To this effect the lower court found as follows:

"When the plaintiff acquired the property first described, the defendant had already acquired years ago the property secondly described. As may be seen from their respective recordations, the properties of the plaintiff and of the defendant adjoin each other, being partly separated by an old side road.

"Prior to the year 1937 The People of Puerto Rico constructed part of Highway No. 50 which connects the city of San Germán with the ward of Rosario of said municipality, said road being, where it crosses the Duey River, close to defendant's property, parallel to and at a distance of approximately fifty meters from the Northern boundary of plaintiff's farm, there being between said property of the plaintiff and the aforesaid highway, a strip of land, which is part of defendant's property.

"At the time said road leading to the Rosario Ward was constructed, the defendant built, for his property's use, a pathway which for an approximate distance of 50 meters crossed his property from the aforesaid highway up to a road existing between

---

[1] Appellant cites the definition of this doctrine given in 19 Am. Jur. 657-8, § 53, which reads as follows:

". . . According to that doctrine, an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice . . . ."

the property of the defendant and the property of the plaintiff, which was then owned by Conrado Mercado. *The latter, with defendant's permission,* used said road to go to and come from his property and he kept using it thus until he sold the property to the plaintiff in 1942. *After purchasing Mercado's property, the plaintiff continued to use the aforesaid road with the consent of the defendant.* Ever since the road was opened in his property by the defendant, the defendant kept it closed to the public in general by means of a gate at the end nearest to the highway, while the rest of the road, as it ran within defendant's property, had no walls or fences of any sort separating it from the sugar-cane plantations of the defendant.

"

"Plaintiff's contention boiled down to its simplest terms is that by virtue of the permission granted by the defendant, said plaintiff acquired a right of way upon the property of the defendant through the often-mentioned road. Which is equivalent to saying that defendant's property is subject to a servitude of right of way in favor of plaintiff's property or in favor of the plaintiff. This contention of the plaintiff is clearly untenable." (Italics ours.)

The lower court decided that since there is no title at all in favor of the appellant as to the servitude of right of way, which because it is discontinuous and apparent can only be acquired by virtue of a title—§ 475 of the Civil Code—the mere verbal permission given to the former owner and to the appellant to use the road, was not enough to establish such servitude, and cited *Albarrán* v. *Paz et al.*, 18 P.R.R. 933; *Colón* v. *Plazuela Sugar Company*, 31 P.R.R. 299; *Trujillo* v. *López*, 45 P.R.R. 791; *Miner* v. *Irizarry*, 52 P.R.R. 197 and cf. *Figueroa* v. *Guerra*, 69 P.R.R. 565. The lower court ended by saying:

"In the case at bar the evidence fails to show the express consent of the defendant for the establishment of a servitude of right of way upon his property in favor of the plaintiff or of any other person or property. The very evidence for the plaintiff tends only to show that the defendant permitted Conrado Mercado, the former owner of the property of the plaintiff and subsequently the latter when he purchased, to use the road in ques-

*tion.* This was mere tolerance by the defendant which granted no right of a permanent character to the former owner of the property of the plaintiff nor to the latter. 'The acts merely tolerated . . . do not affect possession.' Section 373, Civil Code, 1930 edition." (Italics ours.)

Since the error alleged was not committed, the judgment will be affirmed.